UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

PETER RUSSO,

    Plaintiff,

        v.

CITY OF NORTH HAVEN, ET AL.,

    Defendants.

_____X

No. 3:18-cv-1973(SRU)(WIG)

## RECOMMENDED RULING ON PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER

Plaintiff Peter Russo, proceeding *pro se*, has filed an action against the City of North Haven (the "City") and Elio Floriano ("Floriano"), collectively ("Defendants"). The complaint alleges claims related to Defendants' action regarding the occupancy of 63 Montowese Avenue, North Haven, CT (the "property"). Now before the Court is Plaintiff's Motion for a Temporary Restraining Order. [Doc. # 18]. For the reasons that follow, the Court recommends Plaintiff's motion be denied.

### Background

The property at issue in this case is leased by Plaintiff and his brother and is owned by Victor and Michael Tenedine (the "landlords"). Plaintiff uses the property, which consists of a small plot of land and a single-family house, for storage. In May 2018, Floriano, the City's building official, observed the property, inspected it, and subsequently issued a notice to the landlords that the property was out of compliance with the state building code. Floriano advised corrective action was required before the property could be occupied. In November 2018, the

Quinnipiac Valley Health District issued an order to the landlords to remedy public health law violations at the property before it could be occupied.  Also in November 2018, the City's fire inspector send a letter to the landlords notifying them that the property violated the state fire prevention code and ordering them to remedy the violation within fifteen days.  Finally, in January 2019, the City cited the property for a violation of its blight ordinance.  The landlords have filed a notice of appeal of the blight ordinance citation.  On January 10, 2019, the landlords filed a Notice to Quit Possession against Plaintiff in state court.[1]

In his Motion for a Temporary Restraining Order, Plaintiff alleges Defendants have "accelerated their efforts to have [him] removed from the subject property as retaliation for having filed this claim against them."  This "acceleration" includes Defendants allegedly issuing orders to the landlords regarding making repairs to the house and having items removed from the property, fining the landlords $100.00 per day for violations of city ordinances, and claiming Plaintiff cannot use the building for storage because of the repairs that need to be made.  Plaintiff's motion seeks a court order demanding Defendants stop forcing the landlords to pay $100.00 per day and cease imposing other requirements on the property.

## Discussion

"The Court has discretion whether to issue a temporary restraining order where 'specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition' and the movant "certifies in writing any efforts made to give notice and the reasons why it should not be required." *Oliphant v. Villano*, No. 3:09CV862 JBA, 2010 WL 537749, at *12 (D. Conn. Feb.

---

[1] Eviction proceedings against Plaintiff will take place in Connecticut state court.  Plaintiff must litigate any dispute relating to the eviction in the state court matter.  The federal court will not intervene in those proceedings.

11, 2010) (quoting Fed.R.Civ.P. 65(b)).  "The purpose of a temporary restraining order is to preserve an existing situation *in statu quo* until the court has an opportunity to pass upon the merits of the demand for a preliminary injunction."  *Garcia v. Yonkers Sch. Dist.*, 561 F.3d 97, 107 (2d Cir. 2009) (internal quotation marks omitted).  "The Second Circuit applies similar standards for temporary restraining orders and preliminary injunctions, and district courts have assumed them to be the same."  *Smalls v. Wright*, No. 3:16-CV-2089 (JCH), 2017 WL 2200909, at *1 (D. Conn. May 19, 2017).

"Preliminary injunctive relief is an extraordinary remedy and is never awarded as a matter of right."  *Smalls v. Wright*, No. 3:16-CV-2089 (JCH), 2017 WL 2200909, at *1 (D. Conn. May 19, 2017).  "The purpose of a preliminary injunction is to prevent irreparable injury and preserve a court's ability to render a meaningful decision on the merits." *Johnson v. Newport Lorillard*, No. 01 CIV. 9587 (SAS), 2003 WL 169797, at *1 (S.D.N.Y. Jan. 23, 2003).  In order for a plaintiff to obtain a preliminary injunction, he must show: "(1) the possibility of irreparable harm; *and* (2) either (a) a likelihood of success on the merits, or (b) a sufficiently serious question going to the merits combined with a balance of hardships tipping decidedly in favor of the moving party."  *Id.*; *Glossip v. Gross*, 135 S. Ct. 2726, 2736 (2015).   "[W]here the moving party seeks to stay government action taken in the public interest pursuant to a statutory or regulatory scheme, the district court should …not grant the injunction unless the moving party establishes, along with irreparable injury, a likelihood that he will succeed on the merits of his claim."  *Able v. United States*, 44 F.3d 128, 131 (2d Cir. 1995) (citing *Plaza Health Laboratories, Inc. v. Perales,* 878 F.2d 577, 580 (2d Cir.1989)).  A finding of "likeliness of success" "requires a demonstration of a 'better than fifty percent' probability of success."  *Hafez v. City of Schenectady*, No. 117-CV-0219GTSTWD, 2017 WL 6387692, at *5 (N.D.N.Y. Sept.

11, 2017).  "In deciding a motion for preliminary injunction, a court may consider the entire record including affidavits and other hearsay evidence." *Johnson*, 2003 WL 169797, at *1.  A hearing on a motion for a preliminary injunction is not required when, as here, the Court finds a hearing is not necessary because the pleadings provide adequate information on which the Court may base its decision.  *See Hafez v*, 2017 WL 6387692, at *3.

The Court finds that Plaintiff has failed to show the threat of irreparable injury and a likelihood of success on the merits for any of his claims.

First, Plaintiff alleges a violation of the Fourth Amendment based on Floriano unlawfully entering the property without a warrant in May 2018.  While "[a]lleged violations of constitutional rights are commonly considered irreparable injuries for the purposes of a preliminary injunction … an ongoing constitutional violation more closely resembles irreparable injury than does a constitutional violation that was suffered in the past and which can be remedied only by money damages." *Hardy v. Fischer*, 701 F. Supp. 2d 614, 619 (S.D.N.Y. 2010).  Here, Plaintiff does not allege that Defendants continue to unlawfully enter the property, nor does he allege that they will imminently do so; all the complaint alleges is that there was a past Fourth Amendment violation.  Plaintiff must show "that the alleged irreparable harm is imminent, and not remote or speculative." *McKenna v. Wright*, No. 01 CIV. 6571 (WK), 2002 WL 338375, at *4 (S.D.N.Y. Mar. 4, 2002). A finding of irreparable harm cannot be based "solely on past conduct."  *Id.*  In addition, even if Plaintiff was successful in proving a past Fourth Amendment violation in this case, he still would not be entitled to a temporary restraining order because the violation is an injury for which Plaintiff can be compensated by an award of damages.  "Where there is an adequate remedy at law, such as an award of money damages, injunctions are unavailable except in extraordinary circumstances." *Faiveley Transp. Malmo AB*

*v. Wabtec Corp.*, 559 F.3d 110, 118 (2d Cir. 2009) (quotation marks omitted).  There are no such extraordinary circumstances here.  Therefore, Plaintiff has not shown he is entitled to a temporary restraining order on his Fourth Amendment claim.

Second, Plaintiff alleges a violation of the Due Process Clause of the Fourteenth Amendment.  This cause of action is based on his claim that he has not been provided with a process by which he can challenge the notices and orders Defendants issued to the landlords.  Plaintiff has not shown a likelihood of success on his due process claim.  There are state court procedures by which the landlords can challenge the notices and orders issued against the property.  In fact, it appears that the landlords are going through this process; they have appealed the blight ordinance citation.

Plaintiff also claims that the landlords will dispose of his possessions without due process unless a temporary restraining order is issued. He provides no support for this statement, and so has failed to show a likelihood of success or irreparable harm.  *See In re United Pan-Europe Commc'ns N.V.*, No. 02-16020 (BRL), 2003 WL 221819, at *4 (S.D.N.Y. Jan. 30, 2003) (finding conclusory allegations are insufficient to demonstrate irreparable injury).  To show irreparable harm, Plaintiff must "demonstrate that absent a preliminary injunction [he] will suffer an injury that is neither remote nor speculative, but actual and imminent, and one that cannot be remedied if a court waits until the end of trial to resolve the harm."  *Grand River Enter. Six Nations, Ltd. v. Pryor*, 481 F.3d 60, 66 (2d Cir. 2007) (quotation omitted).  Plaintiff has not done so here.  Therefore, he is not entitled to a temporary restraining order on his due process claim.

Third, Plaintiff brings a claim under the Contract Clause.  He alleges that Floriano attempted to place pressure on the landlords by threatening, and imposing, fines to compel them to stop renting the property to Plaintiff.  The Contract Clause of the U.S. Constitution provides

that "[n]o State shall ... pass any ... law impairing the obligation of contracts." U.S. Const. Art. I, § 10.  "By its terms, this clause applies only to legislative action taken by the state."  *Atuahene v. City of Hartford*, 491 F. Supp. 2d 278, 284 (D. Conn. 2007).  Here, Plaintiff has not alleged or demonstrated that any legislative action has been taken that impaired any contract to which he was a party.  Thus, he has not shown a likelihood of success on the merits of this claim such that he is entitled to a temporary restraining order.

Finally, Plaintiff brings a claim under the Ex Post Facto clause of the Unites States Constitution.  He alleges that Defendants imposed standards not in place when the property was built, and by so doing, violated the Ex Post Facto clause.  Plaintiff cannot show a likelihood of success on the merits of this claim.  "The Ex Post Facto clause flatly prohibits retroactive application of *penal* legislation."  *Landgraf v. USI Film Prod.*, 511 U.S. 244, 266 (1994) (emphasis added).  It applies "*only* to criminal punishments and in civil cases where the civil disabilities disguise criminal penalties."  *U.S. ex rel. Bilotta v. Novartis Pharm. Corp.*, 50 F. Supp. 3d 497, 540 (S.D.N.Y. 2014) (quotation marks omitted).  Since the property here was cited for health and safety code violations, and no criminal penalties follow from these citations, the claim will likely fail.

In conclusion, since Plaintiff has failed to show irreparable harm and a likelihood of success on the merits of his claims, his Motion for a Temporary Restraining Order should be denied.  It is important to note that this Recommended Ruling does not dispose of Plaintiff's case.  It only denies him the preliminary relief sought in the instant motion, and is without prejudice to his continued litigation of his claims.  This is a Recommended Ruling.  *See* Fed. R. Civ. P. 72(b)(1).  Any objection to this Recommended Ruling should be filed with the Clerk of the Court within 14 days after service.  *See* Fed. R. Civ. P. 72(b)(2).  Failure to timely object will

6

preclude appellate review. *Impala v. United States Dep't of Justice*, 670 Fed.App'x 32, 32 (2d Cir. 2016).

SO ORDERED, this __6th__ day of March, 2019, at Bridgeport, Connecticut.

 */s/ William I. Garfinkel*
WILLIAM I. GARFINKEL
United States Magistrate Judge